UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CRIMINAL CASE NO. |
| | ) | |
| v. | ) | 2:22-CR – 00043-SCJ-JCF-1 |
| | ) | |
| JAMAL PLUNKETT, | ) | |
|     Defendant. | ) | |

**DEFENDANT'S FIRST PARTICULARIZED MOTION TO SUPPRESS SEARCH OF VEHICLE AND OTHER EVIDENCE**

COMES NOW the Defendant Jamal Plunkett (hereafter "Plunkett"), through counsel, and pursuant to Fed. R. Crim. P. 12(b)(3)(c), 41, and the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution and hereby moves this Court for an evidentiary hearing, and an order suppressing all evidence of any kind – any physical evidence, alleged contraband, statements, identification, and testimony allegedly seized by law enforcement on or about March 24, 2022 through March 28, 2022 as addressed below.

    As grounds therefore, Plunkett alleges that the search of his vehicle and the seizure of items from them were improper, illegal, and without probable cause, in violation of Defendant's rights under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution, in the following particulars:

### I. Facts

1. On or about March 24, 2022, Plunkett was arrested after being stalked and attacked by James Anthony Gallego.

2. Mr. Gallego previously threatened Plunkett at the poultry factory where they both worked. Mr. Gallego was jealous that Plunkett was dating his former girlfriend.

1

3. On the night in question, Mr. Gallego followed Plunkett to his girlfriend's apartment complex and rammed Plunkett's truck with his vehicle just outside the gate.

4. Mr. Gallego got out of his car with a weapon in order to make an assault on Plunkett. Following the confrontation, Gallego went to law enforcement and made a complaint against Plunkett.

5. Around the time that Plunkett was taken into custody, his vehicle, a silver Ford F-150 truck, was seized and impounded by law enforcement.

6. Plunkett was taken in the back of a patrol vehicle to the police station following his arrest.

7. Later that morning, Plunkett was detained alone in a cold interrogation room and questioned for hours by law enforcement.

8. Inv. Escalante began the interrogation by reading a *Miranda* waiver to Plunkett. Following her reading of the waiver, Escalante added her own vague and erroneous interpretations of the *Miranda* rights. Plunkett never signed the waiver or otherwise acknowledged that he understood the *Miranda* rights.

9. Following her *Miranda* monologue, Inv. Escalante asked Plunkett if he wanted to speak to her. He unambiguously shook his head 'no' and declined to speak to her.

10. Nonetheless, Inv. Escalante persisted and continued to question him. In all, law enforcement continued their questioning on and off for over 10 hours.

11. On March 28, 2022, Inv. Escalante submitted an affidavit and application to a magistrate and obtained a search warrant for Plunkett's truck.

12. The search warrant for Plunkett's vehicle is defective in the following particulars:

    1) The warrant lacks sufficient probable cause for the search of his vehicle.

  2) The Warrant fails to describe the things to be seized.

  3) The Warrant fails to describe a nexus of illegal activity to the vehicle sought to be searched.

13. Movant anticipates that items seized from his vehicle will be introduced by the Government in any trial of this matter.

## II. ARGUMENT

### A. The Search Warrant

14. Under the Fourth Amendment "no Warrants shall issue, but upon probable cause…" The warrant and affidavit "must provide the magistrate with a substantial basis for determining the existence of probable cause…" *Illinois v. Gates*, 462 U.S. 213, 239 (1983). Probable cause exists "'when the totality of the circumstances allow a conclusion that there is a fair probability of finding contraband or evidence at a particular location.'" *United States v. Williams*, 162 Fed.Appx. 884 (11th Cir. 2006) quoting *United States v. Brundidge,* 170 F.3d 1350, 1352 (11th Cir. 1999). The affidavit was not supported by probable cause. The facts described within the warrant did not provide the magistrate with a substantial basis to determine probable cause existed to search Movant's vehicle.

15. Furthermore, the warrant was also overly-broad and non-particularized as it sought the search for and seizure of:

> "Firearms, ammunition, shell casings, photos, cell phones, projectiles knifes."

The Fourth Amendment to the United States Constitution requires that a search warrant particularly describe the article or articles to be seized. A description in a search warrant is sufficient and particular when "it enables the searcher to reasonably

ascertain and identify the things authorized to be seized" and prevents "general, exploratory rummaging in a person's belongings." *United States v. Wuagneux*, 683 F.2d 1343, 1348-1349 (11th Cir. 1982). A search warrant is overbroad and unconstitutional when it fails to "sufficiently particularize" the place to be searched or "the things to be seized." *United States v. Travers*, 233 F.3d 1327, 1329 (11th Cir.1985). In this case, the warrant's overbroad and non-particularized to the point that it allowed law enforcement to conduct a general exploratory rummage through Movant's vehicle. Here, because the warrants failed to provide any specific guidelines for identifying and separating items sought from those outside the scope, the warrants encouraged a wholesale seizure of items- a constitutional violation. Therefore, all evidence, and any derivative evidence, should be suppressed from evidence at trial.

16. There is no nexus between the investigation and the vehicle specified in the warrant. "The Fourth Amendment requires that a search warrant be issued only when there's probable cause to believe that an offense has been committed and that evidence exists at the place for which the warrant is requested." *United States v. Betancourt,* 734 F.2d 750, 754 (11th Cir. 1984) (citing *Zurcher v. Stanford Daily*, 436 U.S. 547, 558 (1978)). For a court to find probable cause for a search there must be a nexus between the alleged crime and the premises or items to be searched. *United States v. Joseph*, 709 F.3d 1082 (11th Cir. 2013). The facts described in the affidavit do not provide the magistrate with a substantial basis that criminal activity was accomplished utilizing Plunkett's truck. The warrant fails to show a substantial link between the criminal activity alleged and the truck to be searched. Therefore, all evidence derived from Movant's truck should be suppressed from evidence at trial.

### B. Plunkett's Statement

17. It is well known that the presence of both custody and interrogation (be it words or actions) creates compulsion and the only way to combat that compulsion is to give the *Miranda* warnings AND obtain a valid waiver. *Miranda v. Arizona*, 384 U.S. 436 (1966). Additionally, a defendant must *knowingly and voluntarily* give up his constitutional right to remain silent. *Oregon v. Elstad,* 470 U.S. 298, 309 (1985) (emphasis added).

18. It is expected that the Government will attempt to use as evidence at trial, oral admissions, written or oral statements, and/or tape recordings of statements made by Plunkett to law enforcement officers while in custody. Law enforcement read him *Miranda* warnings and then ignored Plunkett's clearly communicated intent to remain silent. Once a suspect is given *Miranda* warnings, if he says he wants to remain silent, law enforcement must cease their interrogation. *Miranda*, 384 U.S. at 473-74, *Maryland v. Shatzer*, 559 U.S. 98, 104 (2010). Law enforcement must scrupulously honor an invocation of silence and can't wait a moment and start another round of questioning because doing so undermines *Miranda*'s purpose. *Michigan v. Mosley*, 423 U.S. 96, 102 (1975), *Lumpkins v. Sec'y Dep't of Corr.,* 449 Fed.Appx. 879 (11th Cir. 2011). That's exactly what happened here, however. After Inv. Escalante read a *Miranda* waiver to Plunkett, he declined to talk to her by his actions and refusal to sign the waiver. Nonetheless, Inv. Escalante kept talking to him and threatening him and alluding to consequences if he didn't speak to her. Therefore, Movant's statements were not freely and voluntarily given; thus, his statements should be suppressed.

19. The Government has the burden of showing that the accused understood the *Miranda* warnings and made a valid waiver of those rights. *Berguis v. Thompkins*, 560 U.S. 370, 384 (2010). The Government is precluded from admitting into evidence statements that were not freely and voluntarily given. *North Carolina v. Butler*, 441 U.S. 369, 373 (1979). Plunkett never indicated that he understood his *Miranda* rights before Inv. Escalante pressed forward with his interrogation. He never signed the *Miranda* waiver. The Government cannot meet their burden of showing that Plunket understood and made a valid waiver of his *Miranda* rights.

20. Furthermore, based on the illegality of the initial seizure and search of Movant, any statements given as a direct or indirect result of the unlawful actions of law enforcement should be excluded from evidence. *Wong Sun v. United States*, 371 U.S. 471, 484. (1963). Thus, everything seized as a result of his statement should be suppressed as fruits of a poisonous tree. *Wong Sun*, 371 U.S. at 485.

WHEREFORE, Movant respectfully requests that this Court grant an evidentiary hearing and suppress the improperly obtained evidence against him in this case. Movant also requests the right to file any additional motions as may be necessary.

This 9 day of February, 2023.

        Respectfully submitted,

        /S/ Bruce S. Harvey
        LAW OFFICES OF BRUCE S. HARVEY
        ATTORNEYS FOR DEFENDANT
        Bruce S. Harvey, #335175
        bruce@bharveylawfirm.com
        Jamie Roberts, #608590
        jamie@bharveylawfirm.com

146 Nassau St.NW
Atlanta, GA 30303
(404) 659-4628 office
(404) 681-3953 fax

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **CRIMINAL CASE NO.** |
| | ) | |
| v. | ) | **2:22-CR-00043-SCJ-JCF-1** |
| | ) | |
| **JAMAL PLUNKETT,** | ) | |
|     **Defendant.** | ) | |

**CERTIFICATE OF SERVICE**

I certify that I served a copy of the foregoing *Defendant's First Particularized Motion To Suppress Search Of Vehicle And Other Evidence* on opposing counsel by facsimile transmission, electronic delivery, by hand delivery, or by depositing a copy of the same in the United States Mail with sufficient postage thereon, addressed as follows:

Theodore S. Hertzberg, AUSA
Northern District of Georgia
600 Richard Russell Federal Building
75 Ted Turner Drive, SW
Atlanta, Georgia 30303

This 9 day of February, 2023.

Respectfully submitted,

/S/ Bruce Harvey
LAW OFFICES OF BRUCE S. HARVEY
ATTORNEYS FOR DEFENDANT
Bruce S. Harvey, #335175
bruce@bharveylawfirm.com
Jamie Roberts, #608590

146 Nassau St.NW
Atlanta, GA 30303
(404) 659-4628 office
(404) 681-3953 fax